## JOSSAERS v. WALKER.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. NEGLIGENCE OF SERVANT—INJURY TO THIRD PERSON—LIABILITY OF MASTER.
    Where the owner of a building, for whom a contractor is doing work in the elevator shaft, furnishes the elevator for use as a movable scaffolding by the contractor's workman, and also supplies a man to operate it for that purpose, he is liable for any damage resulting to the workman through the failure of the operator to properly manage the elevator.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
    Where, upon the trial of an action for damages resulting from the alleged negligence of defendant's employé, the court charges, at the express request of defendant, that, if the plaintiff and the employé were fellow servants, the verdict must be for defendant, and defendant also fails to ask for a ruling on the law as to whether, on the evidence, they were fellow servants, he cannot raise that question on appeal.

Appeal from trial term.

Action by Maurice P. Jossaers against Alva S. Walker. From a judgment on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander Thain, for appellant.

Sumner B. Stiles, for respondent.

RUMSEY, J. When this action was before us upon an appeal from a former judgment, it was held that the plaintiff could not recover upon the facts then made to appear, because he had failed to show that the defendant consented to the use of the elevator for the purposes of a scaffold, or had any knowledge that it was to be devoted to such use. Jossaers v. Walker, 14 App. Div. 304, 43 N. Y. Supp. 891. That defect in the proof has been remedied upon this trial by the testimony of Mr. Nash, who was the erecting engineer for the company which had the contract to put in the ice machine upon which the plaintiff was engaged when he received the injury of which he complains. Nash, who was not a witness upon the former trial, testified that when he was talking with Mr. Walker and Mr. Wyman, his manager, regarding the carpenter work in the elevator shaft, he explained to them what it was necessary to do, and they directed him to use the elevator shaft for the purpose. He says that he explained about standing on the elevator, so that the work might be done, and they directed him to put boards across it, so as not to stand on the wire screens. He said, further, that they were to furnish an elevator man to hoist the elevator, who was to attend to hoisting or lowering it when it was to go up or down. It is quite true that this testimony was contradicted both by Walker and Wyman, but at the close of the evidence there was a fair question for the jury, whether Walker had not consented to the use of the elevator for the purpose to which the plaintiff was putting it at the time he received the injury, so that the defect in the plaintiff's case was fully cured. There remain to be examined, then, only the exceptions taken

during this trial. The defendant claims that there was no suffi-
cient evidence of negligence on his part to be submitted to the jury.
The proof tended to show that the plaintiff was to use this elevator
as a scaffold upon which to stand while he was doing his work in
the shaft, and that the elevator was to be raised or lowered as might
be necessary to enable him to do his work. It was made to appear
by the testimony that the defendant gave instructions that the ele-
vator man would make the necessary arrangements for operating the
elevator to enable the plaintiff to do what he had to do. The man-
ner in which it was to be operated was agreed upon between the two
men. As the defendant furnished the elevator and the man to op-
erate it, he was liable for any failure on the part of his servant who
operated the elevator to manage it properly; and, if the accident
came about because of the failure of the elevator man to use reason-
able care in the way in which he raised or lowered the elevator while
the plaintiff was upon it, the defendant is undoubtedly liable. That
the injury was so caused, the jury might well have found, upon the
evidence. But it is said that the plaintiff and Paxton, the elevator
man, were fellow servants, and that the defendant is not liable for
any injury caused to the plaintiff by the negligence of a fellow serv-
ant. The last proposition of law is undoubtedly true, but no such
question was presented in this case. The court was requested by the
defendant's counsel to charge that if, at the time of the accident, the
plaintiff and the elevator man were fellow servants during the per-
formance of this work in the elevator shaft, either for Craig or the
refrigerator company, or the defendant, the plaintiff could not re-
cover; and that proposition was charged precisely as requested by
the defendant's counsel. It amounted to a request to submit to the
jury the question whether or not Paxton and the plaintiff were fellow
servants, and the defendant having asked that that question should
be submitted to the jury, and not having asked for any ruling upon
the law as to whether the evidence showed that they were fellow
servants, he is not now in a situation to complain that the court erred
in treating the question precisely as he was requested to treat it.

The court had submitted to the jury the question whether Paxton
had any authority to make arrangements in behalf of the defendant
for the use of the elevator by the plaintiff during the progress of the
work, and had instructed them that, if Paxton had no such authority,
their verdict must be for the defendant. The court was requested
to charge that Paxton had no authority to make any such arrange-
ment, but that request was refused, and this refusal is insisted upon
as error. Nash testified, in so many words, that he was told by
Walker, or by Wyman in Walker's presence, that the elevator man
would make the necessary arrangements for the use of the elevator
whenever the plaintiff was called upon to use it in his work; and,
although that testimony was denied, yet there was sufficient to sub-
mit to the jury on that point, and for that reason the exception was
not well taken. The jury might have found that the plaintiff was
referred to Paxton to make whatever arrangements were necessary
with regard to hoisting or lowering the elevator at the time in ques-

tion, and the court did not err in what was said to the jury in that behalf. Whether the plaintiff was guilty of contributory negligence was clearly for the jury to determine.

Upon the whole case, while the evidence was not conclusive, yet there was clearly enough of it to require the case to be submitted to the jury; and, as there was no error in that submission, the judgment and order must be affirmed, with costs to the respondent. All concur.